UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO MONTEZ BAILEY, #336690,

    Petitioner,

v.    Case No. 2:11-cv-14680

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS AND
DENYING A CERTIFICATE OF APPEALABILITY**

    Petitioner Antonio Montez Bailey has filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's Jackson County convictions and sentence of twenty to fifty years for armed robbery and bank robbery. Respondent argues in a motion to dismiss the petition that Petitioner's claims are time-barred. The court agrees. Consequently, Respondent's motion will be granted, and the habeas petition will be dismissed.

**I. BACKGROUND**

    On August 4, 2005, Petitioner pleaded guilty in Jackson County Circuit Court to one count of armed robbery, Mich. Comp. Laws § 750.529, and one count of bank robbery, Mich. Comp. Laws § 750.531. In return, the prosecutor dismissed an additional count of armed robbery and an additional count of bank robbery. On September 8, 2005, the trial court sentenced Petitioner as a habitual offender, third

offense, to two concurrent terms of twenty to fifty years in prison. Petitioner filed two motions for re-sentencing in 2006, but the trial court denied both motions.

In an appeal from his convictions and sentence, Petitioner alleged that (1) he was entitled to re-sentencing because his plea was induced by an unfulfilled promise of leniency, (2) his plea was illusory, unintelligent, and involuntary, and (3) the sentencing guidelines were mis-scored. On February 12, 2007, a three-judge panel of the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." See People v. Bailey, No. 274556 (Mich. Ct. App. Feb. 12, 2007). On Sept. 21, 2007, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues.[1] See People v. Bailey, 738 N.W.2d. 229 (Mich. 2007) (table). Petitioner's convictions became final ninety days later on December 20, 2007.

On August 26, 2008, Petitioner filed his first federal habeas corpus petition in this District. On February 2, 2009, while the habeas petition was still pending, Petitioner filed a motion for relief from judgment in state court. This court subsequently dismissed Petitioner's habeas petition without prejudice at Petitioner's request so that he could exhaust state remedies. The court stated in its order of dismissal that, if Petitioner wished to seek federal habeas relief after exhausting state remedies, he would have to file a new and timely petition in federal court. See Bailey v. Rapelje, No. 2:08-cv-13687 (E.D. Mich. Feb. 24, 2009).

The state court then denied Petitioner's motion for relief from judgment because Petitioner had raised some of his claims on appeal and he failed to show "cause and

---

[1] Justice Marilyn Kelly voted to remand the case for resentencing.

prejudice" for not raising his remaining claims on appeal. Two judges of a three-judge panel of the Michigan Court of Appeals denied leave to appeal the trial court's decision because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D).[2] *See People v. Bailey*, No. 296088 (Mich. Ct. App. May 10, 2010). On March 8, 2011, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Bailey*, 794 N.W.2d 593 (Mich. 2011) (table).

On October 20, 2011, Petitioner signed and dated the present habeas corpus petition. He alleges that (1) his guilty plea was involuntary and illusory and violated double jeopardy principles, (2) the Michigan sentencing guidelines were improperly scored, and (3) he was denied effective assistance of trial and appellate counsel. Respondent urges the court to dismiss the petition for failure to comply with the one-year statute of limitations for habeas petitions.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four specified dates:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The third judge voted to grant the delayed application for leave to appeal.

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitation period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

### III. DISCUSSION

#### A. Timeliness

Petitioner is not relying on a new and retroactive constitutional right or on newly discovered facts, and he is not suggesting that an impediment created by state action prevented him from filing his habeas petition earlier. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

A petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1. For petitioners who do not pursue direct review to the

4

United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

Petitioner did not apply for a writ of certiorari in the United States Supreme Court after the Michigan Supreme Court denied leave to appeal on September 21, 2007. Therefore, his convictions became final ninety days later on December 20, 2007, when the deadline expired for seeking a writ of certiorari in the United States Supreme Court.

The one-year period of limitation began to run on the following day, December 21, 2007, and it ran for 249 days, that is, until August 26, 2008, when Petitioner filed his first federal habeas corpus petition. The limitation period ordinarily is not tolled while a federal habeas corpus petition is pending in federal court, *Duncan v. Walker,* 533 U.S. 167, 181-82 (2001), but

> neither the [Supreme] Court's narrow holding [in *Duncan v. Walker*], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity. . . . Furthermore, a federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar federal habeas review for petitioners who invoke the court's jurisdiction within the 1–year interval prescribed by AEDPA.

*Id.* at 183 (Stevens, J., concurring in part and concurring in the judgment).

Courts in this District have found it appropriate to equitably toll the time during which a federal habeas corpus petition was pending in federal court. *See Johnson v. Warren*, 344 F. Supp.2d 1081, 1088-89 (E.D. Mich. 2004) (Gadola, J.); *Corbin v. Straub*, 156 F. Supp.2d 833, 837-38 (E. D. Mich. 2001) (Edmunds, J.). This court

therefore equitably tolls the entire time that Petitioner's first habeas corpus petition was pending, that is, from August 26, 2008, to February 24, 2009.

Petitioner filed his motion for relief from judgment in state court while his first habeas petition was pending in this court. Consequently, the limitation period also was tolled from February 2, 2009, when Petitioner filed his post-conviction motion in state court until March 8, 2011, when the Michigan Supreme Court denied leave to appeal the trial court's decision on petitioner's motion. 28 U.S.C. § 2244(D)(2); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

The instant petition nevertheless is untimely, because the limitation period ran 249 days before Petitioner filed his first habeas petition in this court. The limitation period also ran 225 days after the Michigan Supreme Court denied leave to appeal on March 8, 2011, and before Petitioner filed his second habeas petition on October 20, 2011.

The limitation period ran for a total of 474 days or more than one year. Thus, the habeas petition is untimely, absent equitable tolling.

## B.  Equitable Tolling

The statute of limitations in habeas cases "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50

(6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

Petitioner urges the court to deny Respondent's motion on grounds that he has made a good faith effort to file a timely petition and he believed that the one-year limitation period began to run from the court's dismissal of his first petition on February 24, 2009. Equitable tolling could be appropriate if the court had affirmatively misled Petitioner as to whether the statute of limitations had run. *Pliler v. Ford*, 542 U.S. 225, 235 (2004) ) (O'Connor, J., concurring). But the court did not mislead Petitioner. It warned him on December 30, 2008, that 252 days of the one-year limitation period had already expired and that only 113 days of the limitation period remained. *See Bailey v. Rapelje*, No. 2:08-cv-13687 (E.D. Mich. Dec. 30, 2008) (order denying Petitioner's motion for a stay and to hold the first habeas petition in abeyance).

Petitioner subsequently filed his motion for relief from judgment in state court. The motion tolled the limitation period pursuant to 28 U.S.C. § 2244(d)(2), but it did not re-start the clock. *McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003)). And Petitioner's ignorance of the law regarding the limitation period "is not sufficient to warrant equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 743 n. 7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). The court therefore declines to equitably toll the limitation period for the time that the statute of limitations ran before Petitioner filed his first habeas corpus petition.

## IV. CERTIFICATE OF APPEALABILITY

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A habeas petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 1983)).

When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In this case, the court believes reasonable jurists would not find the court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right.

## V.  CONCLUSION

Petitioner filed his habeas petition more than one year after his convictions became final, and he is not entitled to equitable tolling of the limitation period. Accordingly,

IT IS ORDERED that Respondent's motion to dismiss [dkt. #7] is GRANTED and the petition for a writ of habeas corpus [dkt. #1] is DISMISSED with prejudice for failure to comply with the statute of limitations.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.


    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522